J-A25031-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GLENN DISTRIBUTORS CORP., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RECKITT BENCKISER, LLC, | : | |
| | : | |
| Appellee | : | No. 140 EDA 2015 |

Appeal from the Order Entered December 15, 2014,
In the Court of Common Pleas of Philadelphia County,
Civil Division No(s).: 121201574

BEFORE:  DONOHUE, MUNDY and FITZGERALD*, JJ.

CONCURRING MEMORANDUM BY DONOHUE, J.: **Filed: December 22, 2015**

I respectfully concur in the result reached by the learned Majority.  In my view, however, the parties' course of dealing, not their course of performance, modified the purchase orders.  I therefore agree that summary judgment was proper.

As discussed by the Majority, course of performance is defined as "a sequence of conduct between the parties **to a particular transaction** that exists if: (1) **the agreement of the parties with respect to the transaction involves repeated occasions for performance by a party**; and (2) the other party … accepts the performance or acquiesces in it without objection."  13 Pa.C.S.A. § 1303(a) (emphasis added).  At issue in the case at bar are forty-six purchase orders, each of which constituted a separate transaction.  Each transaction provided the parties one opportunity

*Former Justice specially assigned to the Superior Court.

for performance under the contract, which does not satisfy section 1303(a)'s requirement that the "transaction involve[] repeated occasions for performance." 13 Pa.C.S.A. § 1303(a). Thus, although Appellant's action for breach of contract concerns Appellee's conduct that occurred subsequent to formation of the contract (the purchase order), I disagree with the Majority's determination that course of performance is implicated.

Rather, the parties' behavior in this case more appropriately implicates course of dealing, which is defined as "a sequence of conduct concerning **previous transactions** between the parties to a particular transaction that is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." 13 Pa.C.S.A. § 1303(b) (emphasis added). This Court previously held that "'course of dealing' 'may supplement or qualify terms of an agreement[.]'" *J.W.S. Delavau, Inc. v. Eastern America Transport & Warehousing, Inc.*, 810 A.2d 672, 684 (Pa. Super. 2002); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 223 cmt. b (Course of dealing "may determine the meaning of language or it may annex an agreed but unstated term.").

As the trial court stated, it is undisputed that "over the parties' multi-year business relationship,[ stemming from 2000 to 2012,] Appellee would sometimes remove some products from the list of products offered to [Appellant], after [Appellant] submitted purchase orders but before the products were shipped." Trial Court Opinion, 12/11/14, at 3. Although the

purchase orders did not contain language clarifying that the quantity was subject to change, the parties' conduct in their previous transactions established "a common basis of understanding" that the quantity of items indicated on the purchase order was subject to availability and was not a definite term.  Accordingly, I agree that the trial court did not err in granting Appellee's motion for summary judgment and denying Appellant's motion for summary judgment.

Judge Mundy joins this concurring memorandum.